```
UNITED STATES DISTRICT COURT                    NOT FOR PRINT OR
EASTERN DISTRICT OF NEW YORK                    ELECTRONIC PUBLICATION
----------------------------------------------------------X
NWAKANMA WILLIAM OCHEI,

                    Plaintiff,
                                                MEMORANDUM AND ORDER
        -against-
                                                11-CV-5665 (JFB)(ETB)
NASSAU COUNTY SUPREME COURT;
NYS DEPARTMENT OF CORRECTIONAL
SERVICES; CENTRAL NEW YORK
PSYCHIATRIC CENTER; NASSAU
COUNTY DEP'T OF SOCIAL SERVICES;
NYS EXECUTIVE DEPARTMENT -
DIVISION OF PAROLE; and PILGRIM
STATE PSYCHIATRIC CENTER,

                    Defendants.
----------------------------------------------------------X
```

BIANCO, United States District Judge.

On November 18, 2011, *pro se* plaintiff Nwakanma William Ochei ("plaintiff"), who was then confined at Pilgrim State Psychiatric Center in West Brentwood, New York, filed the instant complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Supreme Court and other state agencies, as well as the Nassau County Department of Social Services. Plaintiff's application to proceed *in forma pauperis* is granted for the purpose of this Order. The claims against each of the named defendants are dismissed *sua sponte*, and plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

## I. Background

The Complaint names various state agencies and facilities and one Nassau County agency, but no individual defendants. Plaintiff alleges unlawful imprisonment, medical malpractice, and criminal negligence arising out of his incarceration at several New York State correctional and psychiatric facilities between February 10, 2009 and September 29, 2011. He

alleges that he was forcibly medicated at the facilities and that the medication caused him to suffer chest pains. (Complaint at IV.A; Memorandum in Support of Complaint ("Mem.") at 2, 3, 4.) He further alleges that he was assaulted on multiple occasions - including in November 2009; in December 2009; and on July 1, 2011 - by other inmates and by staff at the institutions. (Mem. at 2, 4, 5). In one incident, he suffered a fractured leg following an assault at the Central New York Psychiatric Center. (Complaint at IV.A; Mem. at 2.)

Plaintiff asserts that he was released to post-release supervision on June 2, 2010. (Mem. at 3.) He alleges that his parole officer "ordered me to [illegally] stay with the Department of Social Services, even though my SS income does not allow it." (Id.) Plaintiff further alleges that his parole officers caused him to violate parole and be returned to custody. (Id.)

Plaintiff alleges that his felony conviction was vacated on September 29, 2011 as a result of the closure of the Nassau County crime lab amid allegations of corruption. (Mem. at 1, 4.) He alleges that an Oneida County Civil Court judge issued a decision on September 14, 2011 ordering that the Central New York Psychiatric Center release him or cease treatment by November 9, 2011. (Mem. at 5.) Plaintiff alleges that he still being held at Pilgrim State Psychiatric Center on November 14, 2011, when he signed the Complaint.[1] (Id.) Since plaintiff filed the complaint, two communications sent to him at the Pilgrim State Psychiatric Center have been returned as undeliverable. (See 11-CV-5665 (JHB), Docket Entry #6 and #7.)

Plaintiff seeks $40 million in damages. (Complaint at V.)

---

[1] Plaintiff has also filed a petition for a writ of *habeas corpus* challenging his confinement at Pilgrim State Psychiatric Center. *See Ochei v. Attorney General of NY*, No. 11-cv-5377-JFB.

2

## II. Discussion

### A. Standard of Review

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Civil Rights Claims

Plaintiff's allegations of medical malpractice and negligence are state law claims that would not ordinarily come within the jurisdiction of the federal courts. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (although negligence of prison official led to prisoner's serious injury, constitution requires no procedure to compensate injury arising from negligence). However, liberally construed, plaintiff may be alleging that he was deprived of his liberty without due process of law or subjected to mistreatment at the hands of state actors. Plaintiff's allegations about his current confinement

3

may suggest a Fourth Amendment claim for unlawful imprisonment or a Fourteenth Amendment claim that his confinement violates his right to due process. These allegations of deprivation of constitutional rights could be cognizable under 42 U.S.C. § 1983.

To state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

C.  Improper Defendants

A Section 1983 plaintiff seeking to recover money damages "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009). Plaintiff fails to name any individual defendants in the caption of his Complaint. All but one of the named defendants is a division or facility of a New York State agency and is therefore protected by sovereign immunity, as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S.

4

58, 71 (1989). Since the named state agencies are protected from claims for damages, all of plaintiff's claims against the Nassau County Supreme Court; the New York State Department of Correctional Services; the Central New York Psychiatric Center; the New York State Executive Department, Division of Parole; and the Pilgrim State Psychiatric Center are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Nassau County Department of Social Services is a municipal agency that does not have a separate legal identity and is not amenable to suit under New York law. See Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.") Although municipalities, including Nassau County, are also not "persons" within the meaning of § 1983, the Supreme Court has permitted Section 1983 suits against municipalities, but only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1995).

In this case, plaintiff has not asserted any claims against the Department of Social Services or Nassau County. The only reference to this agency involved plaintiff's parole officer and did not allege that the County was responsible for any violation of plaintiff's rights. (See Mem. at 3.) Accordingly, his claims against the Nassau County Department of Social Services

must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

D. Leave to Amend

A district court should not dismiss a *pro se* complaint "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted). Accordingly, plaintiff is granted leave to amend the Complaint within thirty (30) days of the date of this order. The amended complaint must be labeled "Amended Complaint" and bear the same docket number as this Order. Plaintiff should clearly identify those individuals[2] whom he believes to be responsible for the alleged deprivation of his rights and identify how each of these individuals' actions or omissions caused the alleged deprivation. Moreover, if plaintiff names the County of Nassau as a defendant, he must allege a municipal policy or custom that caused the deprivation of his constitutional rights.

---

[2] If plaintiff cannot identify the individuals by name at this time, he may name "John Doe" defendants and provide a physical description for each, along with his or her place of employment.

## III. Conclusion

For the foregoing reasons, plaintiff's claims against each of the named defendants are dismissed. Plaintiff's complaint will be dismissed with prejudice unless plaintiff files an amended complaint in accordance with this order within thirty (30) days from the date this order is entered. No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Judge Joseph F. Bianco
US District Judge

JOSEPH F. BIANCO
United States District Judge

Dated: January 13, 2012
Central Islip, New York